C. M. TOWNSEND, EXECUTOR, v. JOHN A. ROWLAND, ADMINISTRATOR.

(Filed 3 November, 1915.)

1. Estates—Remainderman—In Possession—Accounting—Rents and Profits— Promise to Pay—Reference—Evidence—Conclusion of Law.

While the life tenant, in the absence of a valid conveyance of the rents and profits, is ordinarily entitled to recover them from the remainderman when both live together upon the land, this does not apply between mother and son when they are living thereon, with the latter's family, for a long term of years, the son taking full charge and management of the lands and supporting them all therefrom; and when the matter has been referred and the facts so found and approved by the trial judge, it is sufficient to sustain the conclusion of law, in the absence of a promise to pay on the part of the son, that he is not chargeable with the rents and profits.

**2. Estates—Remainderman in Possession—Rents and Profits—Burden of Proof.**

In an action to recover rents for the life estate in lands from the remainderman in possession, evidence of the value thereof for the time of such possession must be introduced by the plaintiff in order for him to recover them.

APPEAL by plaintiff from *Allen, J.,* at the October Term, 1914, of ROBESON.

This action was originally instituted 9 December, 1910, by a mother against the administrator of her deceased son to recover the rents and profits of a tract in which the plaintiff was a life tenant and her son the remainderman. The mother dying in May, 1913, pending the action, her executor was substituted as plaintiff. There was a consent reference to Prof. N. Y. Gulley as referee, who found the facts and held as a matter of law thereon that the plaintiff was not entitled to recover anything. On exceptions filed by the plaintiff the judge approved all the findings of the referee, both as to law and fact, and from the judgment entered thereon the plaintiff appealed.

*Sinclair, Dye & Ray and Johnson & Johnson for plaintiff.*
*T. A. McNeill, Jr., and McIntyre, Lawrence & Proctor for defendant.*

CLARK, C. J. There was evidence to support the findings of fact, and they are therefore conclusive. The only question presented by the appeal is whether the court correctly applied the law to the facts.

It is true, as contended by the plaintiff, that the life tenant, in the absence of a valid conveyance of the rents and profits, was entitled to have them for her own use, and that the mere fact that she permitted her son, the remainderman, and his family to live in the house with her for a number of years as one family would not estop the life tenant from recovery of the value of the rents. But in this case the referee finds as a fact that, during the period from 1888 to 1910, the plaintiff and her son and his family all lived together on the farm as one family, eating at the same table, the living expenses being paid from the products of the farm; that the son controlled and managed the farm, paid all expenses thereto, supported his mother and supplied all her wants just as he did the other members of the family; that the son cleared, drained and ditched the land, erected buildings thereon, listed and paid the taxes, and acted in all respects as though he owned the land in fee simple. The land was mortgaged several times by the plaintiff and her son, among these being a mortgage for $12,000, and this money was with the consent of the mother used by the son in discharging his debts, and no part was used by the mother. In 1907 the mother and son joined in a lease of the land for five years at $2,500 per year. The

rents for 1908 and 1909 were collected by the son and applied to payment of the expenses of the family, including the plaintiff, to the payment of the interest due on the mortgage, to payment of taxes and to debts for the family expenses. The rent for 1910 was paid to the administrator of the son, who used the same in the same manner as the rents of 1908 and 1909 had been applied. There was no agreement between the son and his mother that he should pay any rent for the lands; no rent was ever paid by him, and at no time between 1888 and his death in 1910 did plaintiff make any demand upon him for payment of rent. After his death no demand was made by her upon the administrator of the son for rent. The plaintiff made no demand upon the lessee for the rent.

The court properly held that the mother, now represented by her executor, was not entitled to recover. She testified that she did not bring the suit (nor direct it to be brought), and did not know that it had been brought; that she never collected any rent from her son nor had any contract with him to pay rent; that she and her son with his wife and children all lived together as members of the same family and were supported by what was made on the farm.

This course of living extended over a period of twenty-two years, and we think justifies the finding of the referee, approved by the court below, that there was no contract, express or implied, for payment of rents for the years 1908, 1909, and 1910. The most that the plaintiff could recover is the cost of her support from the death of the son in April, 1910, till the end of the year. By the course of living for twenty-two years there was an implied agreement that she was to receive her support in lieu of rents. It does not appear in the evidence what this support for last nine months of 1910 was worth, the burden of proving which was upon the plaintiff, nor that the mother did not receive such support, and the judgment should be affirmed.

It appears from the mother's testimony that she had loaned her son some money and that she thought this action had been brought to collect that. The rents for the years 1911, 1912, and 1913 are not involved in this action. After five years litigation the judgment is now
Affirmed.